# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL A. HOELSCHER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:14-CV-04044-NKL |
| | ) |
| MILLER'S FIRST INSURANCE CO., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants Missouri Department of Insurance, Financial Institutions, and Professional Registration ("the Department"), John Huff, Matt Barton, and Carol Harden, in their individual and official capacities as officers of the Department (collectively, "State Defendants"), move to dismiss the Complaint of *pro se* Plaintiffs Michael Hoelscher, Theresa Hoelscher, and C.M. Hoelscher, a minor. [Doc. # 9]. Also pending are Defendants George Milnor, Miller's Classified Insurance Company, Miller's First Insurance Company, Mike Haymart, G & C Adjusting Services, LLC, Wayne Bernskoetter, Wayne Bernskoetter Construction, Victor Sapp, Sapp Home Pro, Inc., Jeff Sapp, Jude Markway, and Jude Markway Construction (collectively, "Non-State Defendants")'s motion to dismiss, [Doc. # 38], and motion for sanctions, [Doc. # 40], as well as Plaintiffs' motion for a protective order, [Doc. # 49]. For the reasons set forth below, State and Non-State Defendants' motions to dismiss are GRANTED and Non-

State Defendants' motion for sanctions is DENIED. Due to the disposition of these motions, Plaintiffs' motion for a protective order is DENIED as moot, and this case is DISMISSED, with prejudice.

**I.    Background**

This case is another in a series of lawsuits initiated by Plaintiffs concerning the repair of Plaintiffs' residence following a fire that occurred in 2002. On February 28, 2013, the most recent of these suits was dismissed without prejudice by this Court for lack of subject matter jurisdiction, failure to comply with the pleading requirements of Rule 8(a), and because it was apparent from the face of the pleadings that Plaintiffs' claims were barred by the applicable statutes of limitations. Plaintiffs appealed this decision, and the Court of Appeals affirmed on the ground that Plaintiffs' federal claims were time-barred and this Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Hoelscher v. Huff*, 547 F. App'x 805, 806 (8th Cir. 2013).

The substantive allegations in the present iteration of Plaintiffs' Complaint are the same as before and the parties, with the exception of the addition of Matt Barton, are identical. The Complaint is also, once again, nearly indecipherable. As best as can be determined from this document, Plaintiffs' claims generally concern the allegedly deficient repair work performed on their home following the fire in 2002, as well as their insurer's alleged failure to pay sums due under the insurance policy in effect at that time. In addition, at some point in 2003, Plaintiffs pursued administrative grievances with the Department against the various insurance companies and contractors involved in

repairing their home.  According to the Complaint, Plaintiffs also attempted to reinitiate this administrative adjudication process in June of 2013.  The State Defendants are named as a result of Plaintiffs' apparent dissatisfaction with the results of these administrative processes.

## II. Discussion

### A. Motions to Dismiss

With the exception of Plaintiffs' claim under the Americans with Disabilities Act of 1990 ("ADA"), which is discussed below, Plaintiffs' claims are premised on the same federal statutory and constitutional provisions as those dismissed by this Court in 2013.  As a result, State Defendants argue that these claims should be dismissed because it has previously been determined that Plaintiffs' federal claims are time-barred and the doctrine of issue preclusion prevents Plaintiffs from relitigating this question.

> [I]ssue preclusion has five elements:  (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102-03 (8th Cir. 2013).  This doctrine "preclud[es] parties from contesting matters that they have had a full and fair opportunity to litigate," in order to "protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial

action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotations omitted).

To the extent that Plaintiffs' Complaint reasserts those federal claims that were previously dismissed as time-barred, these five elements are plainly satisfied here. Plaintiffs had a full and fair opportunity to litigate whether the relevant statutes of limitations barred their federal claims and the issue was resolved by a valid and final judgment against them. Plaintiffs argue that the addition of Matt Barton, the Director of the Department's Division of Consumer Affairs, and the fact that certain individual defendants are sued in their official, rather than individual, capacities, or vice versa, prevents the application of this doctrine. However, the addition of this defendant, as well as whether the defendants are sued in their individual or official capacities, has no effect on the limitations period as applied to Plaintiffs' claims. The first element of issue preclusion, and the only element that concerns the parties to either suit, is satisfied because Plaintiffs, the parties to be precluded, were all parties to the prior suit.

Plaintiffs also argue, for the first time, that their claims are not time-barred because the alleged wrongs at issue are continuous and create a fresh injury from day to day, which can, in limited circumstances, toll the limitations period. Alternatively, Plaintiffs argue that their claims are premised on fraud and, as such, the statute of limitations does not begin to run until their injuries were sustained and capable of ascertainment.

However, almost all of the allegations on which Plaintiffs rely for their continuing tort and fraud arguments were known to them, and in fact asserted in their pleading, when

4

the statute of limitations issue was previously litigated. Because this matter was resolved by a valid and final judgment, Plaintiffs are barred from raising new arguments that could have been made in the earlier proceeding in an attempt to reach a different result. *See, e.g.*, *Reynaga v. Sun Studs, Inc.*, 97 F. App'x 729, 730 (9th Cir. 2004) ("Litigants may not have a second opportunity to prove a fact or make an argument relating to an issue previously decided."); *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) ("[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case."), *cert. denied*, 506 U.S. 1078 (1993); *Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 900 F.2d 360, 364 (D.C. Cir. 1990) ("[P]reclusion because of a prior adjudication results from the resolution of a question *in issue,* not from the litigation of specific *arguments* directed to the issue."); Restatement (Second) of Judgments § 27 (1982), cmt. c ("[I]f the [precluded] issue was one of law, new arguments may not be presented to obtain a different determination of that issue.").

The only new allegations asserted by Plaintiffs, specifically the resubmission of their administrative claims in June of 2013, provide no basis for tolling the limitations period. Plaintiffs present no authority or persuasive argument that suggests the resubmission of an administrative grievance based on the same alleged harm somehow restarts the limitations period. Courts regularly reject such obvious, procedural ploys aimed at tolling a statute of limitations. *See, e.g.*, *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1294 (8th Cir. 1980). As previously determined, and as Plaintiffs' concede in their brief in opposition to State Defendants' motion to dismiss, Plaintiffs' alleged

5

injuries were known to them no later than December of 2004.  *Hoelscher*, 547 F. App'x at 806; [Doc. # 45 at 36] ("Granted, the allegations make clear in Hoelschers' II asserted claims and damages were known to them in 2004 . . . ."). Plaintiffs' resubmission of their administrative claims in June of 2013 provides no cause to toll the long-expired limitations period in this case.

Finally, Plaintiffs maintain that issue preclusion does not apply because the present Complaint is brought under a different theory, specifically the ADA.  Although the basis for Plaintiffs' invocation of this statute is not entirely clear, even assuming Plaintiffs' allegations could be construed as stating a claim under this statute, the claim would be time-barred.  "When a federal law has no statute of limitations, courts may borrow the most closely analogous state statute of limitations, unless doing so would frustrate the policy embodied in the federal law." *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003).  Applying this principle, the Eighth Circuit has held that the relevant state statute of limitations for personal injury actions applies to claims arising under the ADA.  *Id.* at 1055-56.  Under Missouri law, the statute of limitations on claims for personal injury is five years, Mo. Rev. Stat. § 516.120, and Plaintiffs' ADA claims are, accordingly, subject to the same limitations period.  *See Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 WL 5079588, at *4-5 (E.D. Mo. Oct. 25, 2011).

As has previously been determined, Plaintiffs were aware of their alleged injuries, which even in the earlier suit included extensive claims regarding mental impairments and disability-based discrimination that largely mirror their present allegations, *see, e.g.*, [Case No. 2:12-CV-04291-NKL, Docs. ## 1-2 at 1, 10, 12-13, 16; 1-5 at 4, 7-8], no later

than December of 2004. [Case No. 2:12-CV-04291-NKL, Doc. # 99 at 7]; *Hoelscher*, 547 F. App'x at 806. Thus, Plaintiffs' ADA claims, like Plaintiffs' other federal claims, are time-barred.

Consequently, there is no federal question remaining in this case. The Court further declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, s*ee* 28 U.S.C. § 1367(c)(3), and it is undisputed that complete diversity does not exist. Accordingly, this case, in its entirety, must be dismissed.

**B.     Motion for Sanctions**

Non-State Defendants move for sanctions against Plaintiffs in the form of a permanent injunction that would preclude Plaintiffs from filing in any U.S. District Court any new complaint, pleading, or motion regarding the subject matter of the 2002 fire, resulting insurance claims, and related actions of Non-State Defendants. It is well-established that courts may prospectively restrict an abusive litigant's right to file pleadings without prepayment of fees and costs in order to ensure that resources are allocated in a manner that best serves the interests of justice. *See, e.g.*, *In re McDonald*, 489 U.S. 180, 184 (1989); *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008). In at least one instance, a judge in the Western District of Missouri has issued a permanent injunction against all filings in a manner analogous to that urged by Non-State Defendants in this case. *Pankey v. Webster*, 816 F. Supp. 553, 563 (W.D. Mo. 1993) (permanently enjoining the plaintiff from filing any complaint, pleading, or motion on behalf of a particular third-party). At the same time, however, courts have recognized that a blanket filing restriction is "an extreme measure," *Pankey*, 816 F. Supp. at 563, that

7

should be resorted to only in cases involving "an especially abusive pattern" of frivolous or malicious filings, *Hurt*, 544 F.3d at 309. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (ruling that a court's inherent powers "ought to be exercised with great caution").

At this time, Plaintiffs' conduct has not yet proven so egregious as to justify the imposition of a permanent injunction. Although Plaintiffs' current Complaint is subject to dismissal for reasons similar to the first, the fact that the earlier dismissal was without prejudice may have inadvertently encouraged this refilling. In particular, taking into account Plaintiffs' *pro se* status, it is not entirely unreasonable for Plaintiffs to have believed that their continuing tort argument might constitute a new theory that would prevent the application of issue preclusion. The relevant precedent, cited by both parties, holds that, with respect to subject matter jurisdiction, issue preclusion will not bar "the same claim under a different theory and jurisdictional basis." *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997). While those more familiar with the law may understand that the term theory, as used here, refers to a theory of relief, as opposed to merely a different legal argument that could have been asserted in the prior suit, this distinction may not be as readily apparent to those with less experience or training. Considering the particular circumstances of this case, the Court cannot conclude that the extreme measure of a permanent, prospective filing restriction is necessary or appropriate at this time.

However, there does appear to be a pattern of frivolous filings elsewhere, possibly with the intent to harass. If this pattern continues, the Court may revisit the possibility of a permanent injunction, as well as the full complement of sanctions within the Court's

inherent powers, *see Chambers*, 501 U.S. 45-46, in order to ensure an effective allocation of limited judicial resources and protect the defendants from abusive litigation. At a minimum, it will be an appropriate consideration in any future attempt in this Court to obtain *in forma pauperis* status.

## III. Conclusion

For the reasons set forth above, State and Non-State Defendants' motions to dismiss, [Docs. ## 9, 38], are GRANTED, and Non-State Defendants' motion for sanctions, [Doc. # 40], is DENIED. Due to the disposition of these motions, Plaintiffs' motion for a protective order, [Doc. # 49], is DENIED as moot. This case is hereby DISMISSED, with prejudice.

                                                       s/ NANETTE K. LAUGHREY
                                                       NANETTE K. LAUGHREY
                                                       United States District Judge

Dated: June 23, 2014
Jefferson City, Missouri